# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TONY HULSTEIN,<br><br>    Defendant. | No. CR 09-4028-MWB<br><br>**ORDER REGARDING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, A NEW TRIAL** |

_____

This case is before me on defendant Tony Hulstein's Motion for Judgment of Acquittal or, in the Alternative, a New Trial (Docket no. 269). On August 25, 2011, a six-count Second Superseding Indictment was returned against Hulstein, charging him with dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A), 923(a), and 924(a)(1)(D), four counts of traveling interstate to deal firearms without a license, in violation of 18 U.S.C. § 924(n), and making a false claim, in violation of 18 U.S.C. § 287. The Second Superseding Indictment also includes forfeiture allegations. Trial commenced on February 27, 2012. On March 1, 2012, the jury returned a verdict in which it found Hulstein guilty of all charged offenses. On March 7, 2012, Hulstein filed a motion for judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29(c), or, in the alternative, a motion for a new trial, pursuant to Federal Rule of Criminal Procedure 33 (docket no. 269). Hulstein requested, and I granted, an extension of time to file his brief until after the trial transcript was completed. On April 20, 2012, Hulstein

filed his brief in support of his motion. Hulstein argues for a judgment of acquittal on the ground that there was insufficient evidence introduced at trial to support his conviction on the charged offenses. Specifically, Hulstein argues that the prosecution failed to prove the element of willfulness required to convict him of dealing in firearms without a license and traveling interstate to deal firearms without a license. Hulstein did not state any grounds in his motion or brief for granting a new trial. The prosecution filed a timely resistance on April 24, 2012. The prosecution contends that the evidence introduced at trial, when viewed in the light most favorable to the guilty verdict and granting all reasonable inferences supported by that evidence, supports the jury's finding that Hulstein acted willfully. Hulstein filed a reply brief on May 3, 2012. On May 8, 2012, Hulstein made a *pro se* request to submit supplemental legal theories and authorities in support of his post-trial motions. Hulstein argued that due to a deterioration in his relationship with his counsel, certain legal theories and authorities had not been presented by his counsel in support of his post-trial motions and requested leave to file a supplemental *pro se* brief raising these arguments and authorities. I granted Hulstein leave to file a supplemental *pro se* brief in support of his Motion for Judgment of Acquittal on or before May 23, 2012. Hulstein, however, has not filed any supplemental *pro se* brief. Applying the required standards for consideration of a motion for judgment of acquittal, *see* FED. R. CRIM. P. 29, and a motion for new trial, *see* FED. R. CRIM. P. 33, which this court articulated in *United States v. Ortiz*, 40 F. Supp. 2d 1073, 1079, 1082 (N.D. Iowa 1999), Hulstein's motion for judgment of acquittal and alternative motion for new trial are hereby denied.

**IT IS SO ORDERED.**

**DATED** this 16th day of July, 2012.

                                                                  MARK W. BENNETT
                                                                  U. S. DISTRICT COURT JUDGE
                                                                  NORTHERN DISTRICT OF IOWA